UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION


JOSE RUBEN MALDONADODEHER,

    Plaintiff,

v.                                            Case No.   2:16-cv-21
                                                        HON.   ROBERT HOLMES BELL

CORIZON MEDICAL SERVICES,
INC., et al.,

    Defendants.
_____/


REPORT AND RECOMMENDATION

        Plaintiff Jose Ruben Maldonadodeher, filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against Defendants Corizon Medical Services, Inc. (Corizon), Melissa Laplaunt and Penny Filion.  Defendant Corizon filed a motion to dismiss (ECF No. 12), Defendants' Filion and Laplaunt filed a motion to dismiss based on qualified immunity (ECF No. 15), Defendant Corizon filed a motion for summary judgment based on Plaintiff's failure to exhaust administrative grievance remedies (ECF No. 17), and Defendant Corizon filed a motion to compel discovery (ECF No. 18).

        Plaintiff alleges that while he was incarcerated at the Chippewa Correctional Facility he suffered a broken jaw after he was struck by another prisoner on September 19, 2015. Plaintiff had his jaw wired shut and was given a medical detail for a liquid diet.  Plaintiff complains that he only received Tylenol for pain, and that his liquid diet detail expired on October 22, 2015, but that his jaw was still wired shut. Defendant Filion responded to Plaintiff's grievance

- 1 -

on November 5, 2015, noting that at that time Plaintiff's wires were removed from his jaw and that the dental assistant who responded to Plaintiff's request for renewal of his medical detail was reminded that when a dentist is unavailable she should contact medical staff for assistance with dental orders.

Plaintiff alleges that both Defendants Filion and Laplaunt made sure that Plaintiff did not receive his prescribed medical treatment from the emergency room physician and gave him Tylenol instead of Ultram. As a result, Plaintiff alleges that he suffered with serious pain. Plaintiff was told that he would not receive pain medications and that he would not be prescribed antibiotics. Further, Plaintiff alleges that his wires were not removed from his mouth in a timely fashion. Plaintiff alleges that Defendant Filion and Laplaunt simply acted as a "sign-off" to Plaintiff's grievance filings, hoping that Plaintiff would abandon his requests for medical care and treatment. Plaintiff asserts that these Defendants failed to follow the outside treating physician's prescriptions.

A motion to dismiss under Rule 12(b)(6) tests the sufficiency of the pleading, requiring the court to determine whether the plaintiff would be entitled to relief if everything alleged in the complaint is true. *Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir. 1993). "[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of its claim which would entitle [the plaintiff] to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). The court must construe the complaint in the light most favorable to plaintiff. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). A judge may not dismiss the complaint simply because he disbelieves the complaint's factual allegations. *Conley*, 355 U.S. at 47.

Generally, a complaint need only give "fair notice of what the plaintiff's claim is and the grounds upon which it rests." *In re Delorean Motor Co. v. Weitzman*, 991 F.2d 1236, 1240 (6th Cir. 1993) (*quoting Conley*, 355 U.S. at 47). The fundamental purpose of pleadings under the Federal Rules of Civil Procedure is to give adequate notice to the parties of each side's claims and to allow cases to be decided on the merits after an adequate development of the facts. *Mayer*, 355 U.S. at 638. While this standard is decidedly liberal, it requires more than the bare assertion of legal conclusions. *Delorean*, 991 F.2d at 1240. "In practice, a complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." *Id.* (internal quote omitted).

Defendant Corizon asserts that Plaintiff's complaint fails to state a claim against Defendant Corizon. Plaintiff has not made any specific allegation against Defendant Corizon or asserted any allegation against an individual employed by Corizon. The complaint fails to make any allegation as to how Corizon was involved in Plaintiff's dental care. It is well established that a plaintiff bringing an action pursuant to § 1983 cannot premise liability upon a theory of respondeat superior or vicarious liability. *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 818 (quoting *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978)). A plaintiff that sues a private or public corporation for constitutional violations under § 1983 must establish that a policy or custom caused the alleged injury. *Sova v. City of Mt. Pleasant*, 142 F.3d 898, 904 (6th Cir. 1998); *Street*, 102 F.3d at 818. The Sixth Circuit has specifically held that like a municipal corporation, a private corporation's "liability must also be premised on some policy that caused a deprivation of [a prisoner's] Eighth Amendment rights." *Starcher v. Corr. Med. Sys., Inc.*, 7 F. App'x 459, 465 (6th Cir. 2001). Plaintiff's complaint fails to set forth any policy on the behalf of Corizon that

caused the alleged deprivation of his rights. In the opinion of the undersigned, Corizon is entitled to dismissal from this action.

Defendants Filion and LaPlant argue that they are entitled to qualified immunity based upon the allegations asserted against them in the complaint. These Defendants argue that the complaint alleges that they only responded to Plaintiff's grievances with denials. Government officials, performing discretionary functions, generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. *Dietrich v. Burrows*, 167 F.3d 1007, 1012 (6th Cir. 1999); *Turner v. Scott*, 119 F.3d 425, 429 (6th Cir. 1997); *Noble v. Schmitt*, 87 F.3d 157, 160 (6th Cir. 1996); *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). An "objective reasonableness" test is used to determine whether the official could reasonably have believed his conduct was lawful. *Dietrich*, 167 F.3d at 1012; *Anderson v. Creighton*, 483 U.S. 635, 641 (1987). "Qualified immunity balances two important interests-the need to hold public officials accountable when they exercise power irresponsibly and the need to shield officials from harassment, distraction, and liability when they perform their duties reasonably." *Pearson v. Callahan*, 129 S. Ct. 808, 815 (2009).

In making a qualified immunity determination the court must decide whether the facts as alleged or shown make out a constitutional violation or whether the right that was allegedly violated was a clearly established right at the time of the alleged misconduct. *Id.* at 816. If the court can conclude that either no constitutional violation occurred or that the right was not clearly established, qualified immunity is warranted. The court may consider either approach without regard to sequence. *Id*.

Defendants argue that they are entitled to dismissal because allegations that they were simply responding to grievances fail to state a claim upon which relief may be granted. Defendants Filion and Laplaunt Cite *Skinner v. Govorchin*, 463F.3d 518, 525 (6th Cir. 2006) (Plaintiff's claim cannot be premised on a defendant's "supervisory status because there is no *respondent superior* liability under § 1983") and *Spencer v. Bouchard*, 449 F.3d 721, 730 (6th Cir. 2006) ("Supervisory liability under § 1983 cannot be based upon a mere failure to act but must be based upon active unconstitutional behavior.") as authority.  Although, Plaintiff alleges that Defendants responded to his grievances, Plaintiff alleges much more.  Plaintiff alleges that Defendants were actively involved in denying him the treatment plan and prescriptions that were issued by the off-site emergency physician.   Plaintiff alleges that Defendants Laplaunt and Filion failed to provide him with appropriate pain medication and failed to follow his treating physician's directions regarding the timing of the removal of the jaw wires.   In addition, Plaintiff alleges that he was not provided with a liquid diet after October 22, despite the fact that his jaw was still wired shut.  In the opinion of the undersigned, a question of fact exists regarding whether Defendants Laplaunt or Filion were involved in the alleged deprivation of Plaintiff's rights.   The arguments asserted by Defendants Lapluant and Filion are more appropriately raised in a well supported motion for summary judgment.

Alternatively, Defendant Corizon argues that summary judgment should be granted because Plaintiff has failed to exhaust his grievance remedies against Defendant Corizon. Summary judgment is appropriate when the record reveals that there are no genuine issues as to any material fact in dispute and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c); *Kocak v. Comty. Health Partners of Ohio, Inc.*, 400 F.3d 466, 468 (6th Cir. 2005); *Thomas v. City of Chattanooga*, 398 F.3d 426, 429 (6th Cir. 2005). The standard for determining

whether summary judgment is appropriate is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *State Farm Fire & Cas. Co. v. McGowan*, 421 F.3d 433, 436 (6th Cir. 2005) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986)); *see also Tucker v. Union of Needletrades Indus. & Textile Employees*, 407 F.3d 784, 787 (6th Cir. 2005). The court must consider all pleadings, depositions, affidavits, and admissions on file, and draw all justifiable inferences in favor of the party opposing the motion. *See Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Twin City Fire Ins. Co. v. Adkins*, 400 F.3d 293, 296 (6th Cir. 2005).

A prisoner's failure to exhaust his administrative remedies is an affirmative defense, which Defendants have the burden to plead and prove. *Jones v. Bock*, 549 U.S. 199, 212-216 (2007). A moving party without the burden of proof need show only that the opponent cannot sustain his burden at trial. *See Morris v. Oldham County Fiscal Court*, 201 F.3d 784, 787 (6th Cir. 2000); *see also Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005). A moving party with the burden of proof faces a "substantially higher hurdle." *Arnett v. Myers*, 281 F.3d 552, 561 (6th Cir. 2002); *Cockrel v. Shelby County Sch. Dist.*, 270 F.3d 1036, 1056 (6th Cir. 2001). "Where the moving party has the burden -- the plaintiff on a claim for relief or the defendant on an affirmative defense -- his showing must be sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986) (quoting W. SCHWARZER, *Summary Judgment Under the Federal Rules: Defining Genuine Issues of Material Fact*, 99 F.R.D. 465, 487-88 (1984)). The United States Court of Appeals for the Sixth Circuit repeatedly has emphasized that the party with the burden of proof "must show the record contains evidence satisfying the burden of persuasion and that the

evidence is so powerful that no reasonable jury would be free to disbelieve it." *Arnett*, 281 F.3d at 561 (quoting 11 JAMES WILLIAM MOORE, ET AL., MOORE'S FEDERAL PRACTICE § 56.13[1], at 56-138 (3d ed. 2000); *Cockrel*, 270 F.2d at 1056 (same). Accordingly, summary judgment in favor of the party with the burden of persuasion "is inappropriate when the evidence is susceptible of different interpretations or inferences by the trier of fact." *Hunt v. Cromartie*, 526 U.S. 541, 553 (1999).

Pursuant to the applicable portion of the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e(a), a prisoner bringing an action with respect to prison conditions under 42 U.S.C. § 1983 must exhaust his available administrative remedies. *See Porter v. Nussle*, 534 U.S. 516, 532 (2002); *Booth v. Churner*, 532 U.S. 731, 733 (2001). A prisoner must first exhaust available administrative remedies, even if the prisoner may not be able to obtain the specific type of relief he seeks in the state administrative process. *See Porter*, 534 U.S. at 520; *Booth*, 532 U.S. at 741; *Knuckles El v. Toombs*, 215 F.3d 640, 642 (6th Cir. 2000); *Freeman v. Francis*, 196 F.3d 641, 643 (6th Cir. 1999). In order to properly exhaust administrative remedies, prisoners must complete the administrative review process in accordance with the deadlines and other applicable procedural rules. *Jones v. Bock*, 549 U.S. 199, 218-19 (2007); *Woodford v. Ngo*, 548 U.S. 81, 90-91 (2006). "Compliance with prison grievance procedures, therefore, is all that is required by the PLRA to 'properly exhaust.'" *Jones*, 549 U.S. at 218-19.

MDOC Policy Directive 03.02.130 (effective July 9, 2007), sets forth the applicable grievance procedures for prisoners in MDOC custody at the time relevant to this complaint. Inmates must first attempt to resolve a problem orally within two business days of becoming aware of the grievable issue, unless prevented by circumstances beyond his or her control. *Id.* at ¶ P. If oral resolution is unsuccessful, the inmate may proceed to Step I of the grievance process and

submit a completed grievance form within five business days of the attempted oral resolution. *Id.* at ¶ P. The Policy Directive also provides the following directions for completing grievance forms: "The issues shall be stated briefly. Information provided shall be limited to the facts involving the issue being grieved (i.e., who, what, when, where, why, how). Dates, times, places and names of all those involved in the issue being grieved are to be included." *Id.* at ¶ R (emphasis in original). The inmate submits the grievance to a designated grievance coordinator, who assigns it to a respondent. *Id.* at ¶ X.

If the inmate is dissatisfied with the Step I response, or does not receive a timely response, he may appeal to Step II by obtaining an appeal form within ten business days of the response, or if no response was received, within ten days after the response was due. *Id.* at ¶¶ T, DD. The respondent at Step II is designated by the policy, *e.g.,* the regional health administrator for a medical care grievances. *Id.* at ¶ GG. If the inmate is still dissatisfied with the Step II response, or does not receive a timely Step II response, he may appeal to Step III. *Id.* at ¶ FF. The Step III form shall be sent within ten business days after receiving the Step II response, or if no Step II response was received, within ten business days after the date the Step II response was due. *Id.* at ¶ FF. The Grievance and Appeals Section is the respondent for Step III grievances on behalf of the MDOC director. *Id.* at ¶ GG. Time limitations shall be adhered to by the inmate and staff at all steps of the grievance process. *Id.* at ¶ X. "The total grievance process from the point of filing a Step I grievance to providing a Step III response shall be completed within 90 calendar days unless an extension has been approved . . . ." *Id* at ¶ HH.

Defendant Corizon has attached an MDOC Prisoner Step III Grievance Report showing that Plaintiff has not submitted any Step III grievances during the relevant time frame.

In the opinion, of the undersigned, Plaintiff's failure to exhaust his grievance remedies requires that Defendant Corizon be dismissed from this case.[1]

In summary, in the opinion of the undersigned, Plaintiff has failed to sustain his burden of proof in response to Defendant Corizon's motion to dismiss (ECF No. 12). Accordingly, it is recommended that Defendant Corizon Medical Services, Inc., be dismissed from this case. If the Court adopts this recommendation, Defendant Corizon's motion for summary judgment for failure to exhaust grievance remedies (ECF No. 17), and motion to compel discovery (ECF No. 18) should be denied as moot. It is further recommended that the motion to dismiss filed by Defendants Filion and Laplaunt (ECF No. 15) be denied.

NOTICE TO PARTIES: Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within fourteen (14) days of receipt of this Report and Recommendation. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b). Failure to file timely objections constitutes a waiver of any further right to appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also Thomas v. Arn*, 474 U.S. 140 (1985).

Dated: August 11, 2016            */s/ Timothy P. Greeley*
                                  Timothy P. Greeley
                                  United States Magistrate Judge

---

[1] Because the undersigned is recommending dismissal based upon Defendant Corizon's motion to dismiss, Defendant Corizon's alternative motion for summary judgment is moot.